**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FELICIA D. DAVIS, for herself and
for all others similarly situated,
     *Plaintiffs-Appellants,*

v.

PACIFIC CAPITAL BANK, N. A.,
     *Defendant-Appellee.*

No. 07-56236

D.C. No.
CV-07-02786-R

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
November 17, 2008—Pasadena, California

Filed December 24, 2008

Before: Myron H. Bright,* Stephen S. Trott, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Hawkins

*The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

16771

## COUNSEL

Jordan M. Lewis, Siegel, Brill, Greupner, Duffy & Foster, P.A., Minneapolis, Minnesota, for the plaintiff-appellant.

Brad W. Seiling, Manatt, Phelps & Phillips, LLP, Los Angeles, California, for the defendant-appellee.

## OPINION

HAWKINS, Circuit Judge:

Must a creditor who imposes a flat finance charge that does not vary with the term of a Refund Anticipation Loan refund a portion of the charge as "unearned interest" under 15 U.S.C. §1615 when the loan is repaid earlier than anticipated in the loan agreement? Concluding that the finance charge in question is not an "interest" charge, we answer no and affirm.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Felicia Davis ("Davis") brought this action for herself and others similarly situated against Pacific Capital Bank, N.A.,

---

[1] Because we hold that no portion of the $85 finance charge was unearned "interest," we need not resolve Pacific's alternative argument that Davis's Unfair Competition Law claim should be dismissed as pre-empted by the National Bank Act, 12 U.S.C. § 21.

("Pacific") under California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200. Davis alleges she obtained a "Refund Anticipation Loan" ("RAL") secured by her anticipated federal income tax refund, which Davis authorized the Internal Revenue Service to deposit into an account established by Pacific. The loan document, attached as an exhibit to Davis's complaint, provided that $1,115 was credited to Davis, the credit would cost $85, the Annual Percentage Rate "cost of [the] credit at a yearly rate" was 57.969%, and that one payment of $1,200 would be due forty-eight days after Pacific approved the loan. The loan document provided that, if Davis repaid the loan early, she would not be entitled to a refund of any part of the $85 finance charge, but the loan document did not require Davis to pay any additional finance charges if she repaid the loan after the anticipated forty-eight day period. Davis alleges her refund was deposited ten days earlier than anticipated in the loan agreement, and, as a consequence, Pacific's failure to refund a $17.74 pro-rated portion of her finance charge was "unlawful" or "unfair" because § 1615 requires Pacific to refund unearned "interest." The district court dismissed Davis's complaint with prejudice, holding that the $85 finance charge was not interest.

## JURISDICTION AND STANDARD OF REVIEW

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review dismissals for failure to state a claim de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## DISCUSSION

[1] Section 1615 states that "[i]f a consumer prepays in full the financed amount under any consumer credit transaction, the creditor shall promptly refund any unearned portion of the interest charge to the consumer." 15 U.S.C. § 1615(a)(1). Because Congress did not define the word "interest" as used in § 1615, it is not immediately obvious whether it encompasses the finance charge at issue.

In other contexts, the term "interest" has been interpreted broadly. *See, e.g.*, 12 C.F.R. § 7.4001 (defining "interest," as used in the National Bank Act, 12 U.S.C. § 85, to include "numerical periodic rates, late fees, creditor-imposed not sufficient funds (NSF) fees . . . , overlimit fees, annual fees, cash advance fees, and membership fees"). Charges that do not vary according to the length of delay before repayment are sometimes still "interest." *See Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 745-46 (1996) ("Any flat charge may, of course, readily be converted to a percentage charge — which was indeed the basis for 19th century decisions holding that flat charges violated state usury laws establishing maximum 'rates.' "). Indeed, Pacific has argued successfully in other cases that the National Bank Act preempts state laws limiting its RAL fees because of the National Bank Act's broad definition of "interest." *See Pac. Capital Bank, N.A. v. Connecticut*, 542 F.3d 341, 353-54 (2d Cir. 2008).

Within the framework of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1615, and its implementing Regulation Z, 12 C.F.R. § 226.4, however, the term "finance charges" is used to refer to this broader category of payments for credit and the term "interest" is used more narrowly.

Although TILA itself does not define "interest" or "finance charge," *see* 15 U.S.C. § 1602, Regulation Z defines several types of "finance charges," including "[i]nterest [and] time price differential" under one subsection and "[p]oints, loan fees, . . . and similar charges" under a separate subsection. 12 C.F.R. § 226.4 (b)(1), (b)(3). "Points" are similar to the finance charge at issue because both are calculated based on the size of the original loan balance, but do not increase in direct proportion to length of time prior to repayment. *See, e.g.*, 15 U.S.C. § 1602(aa)(4). Regulation Z's inclusion of "[p]oints, loan fees" and "similar charges" under a separate subsection from "interest" or "time price differential" suggests that, under TILA, the two categories are distinct types of finance charges. Although TILA requires all finance

charges to be included when the borrower is informed of the total "cost of credit" expressed as an Annual Percentage Rate, this computation is required to enable consumers to compare loans with different types of finance charges effectively and does not imply that all finance charges are "interest" or vary depending on the duration of the loan. *See* 15 U.S.C. § 1604; 12 C.F.R. § 226.18.

When interpreting a statutory term that is not explicitly defined by Congress, we ordinarily defer to the agency charged with administering the statute. In this case, however, no agency appears to have decided which framework or set of definitions applies to § 1615 or interpreted the unearned interest provision directly.

**[2]** Accordingly, we turn to § 1615's legislative history for help in resolving the ambiguity. *Saratoga Sav. & Loan Ass'n. v. Federal Home Loan Bank Bd.*, 879 F.2d 689, 693 (9th Cir. 1989). Section 1615 was originally introduced as an amendment to TILA. H.R. 5170, 102d Cong. § 4 (as introduced May 14, 1992). Although language indicating that the provision would amend TILA was later removed, § 1615 was codified within the statutory sections comprising TILA. *See* H.R. 5334, 102d Cong. § 933 (as enacted Oct. 28, 1992); *see also* 15 U.S.C. §§ 1601-1615.

**[3]** Of critical importance was a revision that occurred before § 1615 was enacted. The original bill required creditors to refund unearned portions not only of an "interest charge," but of any "finance charge." H.R. 5170 § 4. This change in terminology, in addition to indicating that § 1615's drafters apparently assumed it operated within the TILA framework, suggests that the drafters considered applying § 1615 to all finance charges, but then intentionally excluded finance charges that do not vary according to the term of the loan and

limited the provision to require refunds only of unearned "interest," as defined under TILA.[2]

**[4]** In light of this legislative history and absent an agency regulation invoking the other permissible interpretation, we interpret § 1615 as not requiring Pacific to refund a portion of the $85 finance charge at issue here. Pacific's decision to follow TILA and describe the "cost of [the] credit as a yearly rate" does not create a triable issue of fact regarding whether the finance charge may be "interest." The proper interpretation of "interest" in § 1615 is a question of law.

**[5]** California's Unfair Competition Law "permits violations of other laws to be treated as unfair competition that is independently actionable." *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 714 (9th Cir. 2005) (citations omitted). Although Davis argues that Pacific's practice is both "unlawful" and "unfair," both allegations are based on the asserted violation of § 1615. Concluding Pacific retained no unearned "interest" under § 1615, we find no violation of federal law to form the basis of Davis's single Unfair Competition Law claim. It therefore must be dismissed.

**AFFIRMED.**

---

[2]Although we do not rely upon privately held views of legislators when interpreting a statute, it is also worth noting that at least one of the bill's sponsors assured a correspondent that the provision does not require refunds of "points." *See* Roland E. Brandel, et al., *Truth in Lending: A Comprehensive Guide* § 33.03, n.3 (2d ed. Supp. 1994).