NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**METRICOLOR LLC,**
*Plaintiff-Appellant*

**v.**

**L'OREAL S.A., L'OREAL USA, INC., L'OREAL USA PRODUCTS, INC., L'OREAL USA S/D, INC., REDKEN 5TH AVENUE NYC, L.L.C.,**
*Defendants-Appellees*

---

2018-2397

---

Appeal from the United States District Court for the Central District of California in No. 2:18-cv-00364-R-E, Senior Judge Manuel L. Real.

---

Decided: October 30, 2019

---

EDUARDO MARTORELL, Martorell Law APC, Los Angeles, CA, argued for plaintiff-appellant.

MARK S. DAVIES, Orrick, Herrington & Sutcliffe LLP, Washington, DC, argued for defendants-appellees. Also represented by KATHERINE M. KOPP; JOSEPH CALVARUSO, RICHARD MARTINELLI, New York, NY.

---

Before MOORE, REYNA, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Plaintiff-appellant Metricolor LLC sued defendants-appellees L'Oréal S.A., L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC (collectively, "L'Oréal" or "L'Oréal defendants") in the United States District Court for the Central District of California alleging various claims related to the launch of two L'Oréal hair bonding products that allegedly resemble the hair coloring system claimed in Metricolor's patent, U.S. Patent No. 9,301,587 ('587 patent). L'Oréal moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). L'Oréal S.A., the parent corporation of the other defendants, separately moved to dismiss the complaint against it for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Metricolor opposed these motions and, in the alternative, requested leave to amend the complaint and leave to conduct jurisdictional discovery. The district court granted both motions to dismiss. Metricolor now appeals these two rulings.

Because the district court did not address Metricolor's request for leave to amend the complaint, much less conduct an analysis of whether any amendment would have been futile, we *vacate* the district court's grant of L'Oréal's Rule 12(b)(6) motion and *remand* for the district court to address Metricolor's request for leave in the first instance. We *affirm* the district court's grant of L'Oréal S.A.'s Rule 12(b)(2) motion without granting leave to conduct jurisdictional discovery due to lack of actual and substantial prejudice to Metricolor.

## I. Background

### A. Technology

Metricolor, which owns the '587 patent, was founded by Stephen D'Amico and his father Salvatore D'Amico (collectively, "the D'Amicos"). Stephen D'Amico, a hairstylist in New York City, developed a prototype for hair color formulation, dispensing, and storage, which the parties refer to as the "Metricolor System." J.A. 24 ¶ 3. The D'Amicos filed a patent application ('587 patent application) for the Metricolor System, which published on July 17, 2014 and issued as the '587 patent. J.A. 28 ¶ 20; J.A. 30–31 ¶¶ 30–31.

The '587 patent generally relates to an apparatus and method for measuring and dispensing hair dye. '587 patent at Abstract. The patent discusses using a graduated syringe to extract hair dye from a container with an "air-tight reclosing seal." *Id.* The syringe improves the accuracy of measuring hair dye amount, and the air-tight reclosing seal prevents leakage and reduces waste caused by oxidation. *Id.* at col. 3, ll. 16–19, 40–47. These features are captured in apparatus claim 1 and method claim 14, which are the only independent claims of the '587 patent:

1. An apparatus for preparing a hair coloring comprising:

a graduated measuring and dispensing vessel;

a container having a hair dye contained therein, the container comprising an air-tight chamber and an opening;

the container further including means for engaging the container with a container holder to support the container;

*an air-tight reclosing seal at the opening*, such that when the measuring and dispensing vessel engages the air-tight reclosing seal, the hair dye may be extracted from the air-tight chamber, and when the

measuring and dispensing vessel is disengaged from the container, *the air-tight reclosing seal closes off the air-tight chamber*; and

thereby permitting a known quantity of the hair dye to be withdrawn from the container into the measuring and dispensing vessel, allowing an accurate and repeatable quantity of hair dye to be dispensed from the container.

*Id.* at claim 1 (emphases added).

14. A method of coloring hair, comprising the steps of:

providing a first container having a quantity of hair dye contained therein;

providing a first opening in the first container with an *air-tight re-closable seal* on the first container;

providing a graduated measuring and dispensing vessel capable of holding a predetermined quantity of hair dye;

accessing the first opening with the graduated measuring and dispensing vessel and withdrawing a first predetermined quantity of hair dye from the first container;

dispensing the first predetermined quantity of hair dye into a mixing bowl;

providing a second container having a quantity of hair dye contained therein;

providing a second opening in the second container with an *air-tight re-closable seal* on the second container;

accessing the second opening with the graduated measuring an dispensing vessel and withdrawing a

> second predetermined quantity of hair dye from the second container;
>
> dispensing the second predetermined quantity of hair dye into the mixing bowl; and
>
> mixing the first predetermined quantity of hair dye and second predetermined quantity of hair dye together.

*Id.* at claim 14 (emphases added).

## B.   Pre-Suit Discussions

In August 2014, the month after the '587 patent application was published, the D'Amicos approached L'Oréal to pitch a "potential sale, partnership or licensing of the Metricolor System." J.A. 25 ¶ 5. On August 25, 2014, the D'Amicos signed a mutual Non-Disclosure Agreement (NDA) with L'Oréal USA, Inc., which prohibited certain use of "Confidential Information" disclosed during their ongoing discussions. J.A. 72–75, 76–79. The NDA specifies that "Confidential Information" does not include information which "is or becomes generally known or available to the public through no act or failure to act by the receiving Party or its employees or agents." J.A. 73, 77. The parties do not dispute on appeal that the content of the '587 patent application is not "Confidential Information" under the NDA because it was published prior to commencement of the parties' discussions.

Over the course of approximately 18 months of discussions, Metricolor alleges that "L'Oréal received Metricolor's sought-after confidential information, including, crucially, all the knowledge necessary to fully understand how the [Metricolor] System worked and how it could be replicated." J.A. 25 ¶ 6. In October 2014, the D'Amicos met with two executives at "L'Oréal USA's headquarters" in New York City, where they "presented and demonstrated the Metricolor System." J.A. 33 ¶ 46. In March 2016, two "corporate executives" from "L'Oréal Group France" asked

the D'Amicos for ten samples of the Metricolor System. J.A. 34 ¶ 51. In June 2016, L'Oréal ceased all communication with Metricolor. J.A. 35 ¶ 53.

In September 2016, L'Oréal released two hair bonding products under two different L'Oréal brands: Matrix DMI Brand's Matrixcolor Bond Ultim8 product and Redken Brand's pH-Bonder product (collectively, "the Accused Products"). J.A. 35 ¶ 54. Both products include a syringe for extracting hair bonding agent from a bottle. J.A. 36–41 ¶¶ 58–69.

## II. Procedural History

On January 16, 2018, Metricolor filed a complaint in the United States District Court for the Central District of California against parent corporation L'Oréal S.A., its subsidiary corporation L'Oréal USA, Inc., and further subsidiary corporations of L'Oréal USA, Inc. (L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC). The complaint alleged that L'Oréal's Accused Products infringed Metricolor's '587 patent. The complaint included other claims, including breach of contract, federal theft of trade secret under 18 U.S.C. § 1831 *et seq.*, breach of confidence, and unfair competition under California Business and Professions Code §§ 17200 *et seq.* (collectively, "non-patent claims").

All L'Oréal defendants moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6). L'Oréal S.A., the parent corporation which is incorporated in France, separately moved to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2). In support, L'Oréal S.A. attached a declaration rebutting various allegations about L'Oréal S.A.'s physical presence in California and operational control over L'Oréal USA, Inc.

In opposition to the 12(b)(6) motion, Metricolor raised for the first time an infringement theory based on doctrine of equivalents. In a single sentence, Metricolor also argued

that if the 12(b)(6) motion was "granted on any grounds, Plaintiff requests leave to amend." J.A. 162. This conditional request was only made in Metricolor's opposition brief, not in a separate motion.

In opposition to the 12(b)(2) motion, Metricolor disputed the lack of personal jurisdiction. But at a minimum, Metricolor "request[ed] leave to obtain discovery regarding [L'Oréal S.A.'s] general and specific contacts with the State of California" to "confirm, among other related issues, what revenues L'Oréal S.A. derives directly from California; and the official positions, roles and authority of the L'Oréal representatives involved in negotiations." J.A. 317. Again, Metricolor's request for leave was only made in its opposition brief, not in a separate motion.

On August 15, 2018, the district court granted the Rule 12(b)(6) and Rule 12(b)(2) motions in a single order. Regarding Metricolor's patent infringement allegation, the court found that the Accused Products did not contain the claimed "air-tight reclosing seal." J.A. 18–19. The court also refused to consider Metricolor's doctrine of equivalents argument because it was raised for the first time in Metricolor's opposition brief. J.A. 20.

Metricolor's non-patent claims were essentially premised on the allegation that L'Oréal misused confidential information. The district court dismissed all of them because it concluded that Metricolor failed to allege any information that was actually "confidential" in the complaint. J.A. 20. Regarding the breach of contract and breach of confidence claims, the district court found that Metricolor failed to sufficiently allege any violation of the NDA because Metricolor only alleged disclosure of information that had already been published in the '587 patent application prior to the negotiations. *Id.* As to the federal trade secret theft claim, the district court found that Metricolor "fails to identify the trade secret" and that the published information in the '587 patent could not be protected as a trade

secret. J.A. 21. Finally, the district court found that the unfair competition claim also failed because it relied on the validity of at least one of Metricolor's other claims to be the required "predicate act," which the court had concluded were all insufficiently pleaded. J.A. 22. The district court did not address Metricolor's request for leave to amend.

As to the dismissal of L'Oréal S.A. for lack of personal jurisdiction, the district court explained that the complaint did not justify the exercise of general or specific jurisdiction over L'Oréal S.A. The court did not address Metricolor's request for leave to conduct jurisdictional discovery.

On September 13, 2018, Metricolor timely appealed the district court's order dismissing the complaint for failure to state a claim and dismissing L'Oréal S.A. for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## III. DISCUSSION

### A. Motion to Dismiss under Rule 12(b)(6)

We review the district court's dismissal of the complaint for failure to state a claim under regional circuit law. *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011). Under Ninth Circuit law, we review a district court's dismissal under Rule 12(b)(6) *de novo*. *Davis v. Pac. Capital Bank, N.A.*, 550 F.3d 915, 916 (9th Cir. 2008).

We agree with the district court that Metricolor failed to sufficiently plead a claim of patent infringement in its complaint. As the district court correctly found, nothing in the complaint shows that the Accused Products contain the "air-tight reclosing seal" / "air-tight re-closable seal" required by the independent claims.[1] J.A. 18–19. Metricolor

---

[1] Since Metricolor does not raise any distinctions between the "air-tight reclosing seal" (recited in independent

did not identify any "air-tight" seal in any of the Accused Products. To the contrary, the district court aptly noted that the Redken pH-Bonder product has an "open hole at the base of the bottle," plainly contradicting its allegation of an "air-tight" seal. J.A. 19.

We also agree with the district court that the complaint failed to sufficiently plead any of Metricolor's non-patent claims of breach of contract, breach of confidence, federal trade secret theft, and unfair competition under state law. As the district court correctly found, the complaint did not sufficiently allege any misuse of confidential information beyond what was already disclosed in the published '587 patent application.

## B. Metricolor's Request for Leave to Amend the Complaint

We "apply regional circuit law to a trial court's procedural decisions that relate to issues not unique to our exclusive jurisdiction, including motions for leave to amend." *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1354 (Fed. Cir. 2009). The Ninth Circuit reviews a district court's denial of leave to amend for abuse of discretion. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). According to Federal Rule of Civil Procedure 15(a)(2), leave to amend the complaint should be given "freely . . . when justice so requires." *See also Arizona Students' Ass'n v. Arizona Board of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). Factors such as "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." may justify denial of leave to amend. *Foman v. Davis*, 371

claim 1) and "air-tight re-closable seal" (recited in independent claim 14), we treat the limitations as the same for purposes of this appeal.

U.S. 178, 182 (1962); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Though the "grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt," "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman*, 371 U.S. at 182. "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

On appeal, Metricolor argues that the district court abused its discretion in failing to grant Metricolor's request for leave to amend the complaint. Appellant's Br. at 28–33. For example, Metricolor argues that it could have cured any defect in its initial pleading of patent infringement by amending the complaint to allege an infringement theory under the doctrine of equivalents. Appellant's Br. at 33. Metricolor also argues that it could have cured any defect in its initial pleadings of non-patent claims by amending the complaint to allege misuse of confidential information that was not disclosed in the '587 patent application. Appellant's Br. at 31–32.

In dismissing the complaint under Rule 12(b)(6), the district court did not acknowledge that Metricolor made a request for leave to amend the complaint.[2] To the extent

---

[2]    During oral argument, L'Oréal argued that the district court did not need to consider Metricolor's request for leave to amend the complaint because the request did not comply with Local Rules 7-4 and 15-1 of the Central District of California. *See* Oral Arg. at 12:15–38; 17:20-38. To support this argument, L'Oréal relies on a statement made by the district court in an order denying L'Oréal's motion for sanctions that issued *after* the notice of appeal was filed. We need not consider any argument attacking the

the district court implicitly denied Metricolor's request for leave through its silence, we find that the district court's failure to provide any reason for denying Metricolor's request constituted an abuse of discretion in this case because the record does not clearly indicate that the district court even considered Metricolor's request. *See Foman*, 371 U.S. at 182 ("Of course, the grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt, but the outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."); *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir. 1983) ("[W]here the record does not clearly dictate the district court's denial [of leave to amend], we have been unwilling to affirm absent written findings . . . .").

L'Oréal argues that no justification was needed because any amendment would have been futile, citing *Klamath-Lake* in support. Appellees' Br. at 61–63. We are unpersuaded, because it appears to us that the district

---

form of Metricolor's request for leave to amend because it was untimely raised for the first time by Appellees at oral argument. To the extent the statement serves to explain the district court's reasons for dismissing the complaint without granting leave to amend, the district court did not have jurisdiction to supplement its final order in such a way after the notice of appeal was filed. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Upon remand, the district court is free to consider whether to deny Metricolor's request for leave in light of local rules.

court simply overlooked Metricolor's conditional request for leave to amend rather than tacitly concluded that granting such a request would have been futile. Without any indication in the record, we do not merely assume the latter, even if we were to agree that any amendment would be futile. *Klamath-Lake* does not go so far as to permit an appellate court to undertake a futility analysis in the first instance where the district court did not even address the request for leave to amend, much less provide any basis for its denial, as here. Accordingly, we vacate the dismissal of the complaint under Rule 12(b)(6) and remand for the district court to explicitly address Metricolor's conditional request for leave to amend the complaint based on any of the factors justifying denial under *Foman*, such as futility.

C. Motion to Dismiss L'Oréal S.A. Under Rule 12(b)(2)

In reviewing the district court's dismissal of L'Oréal S.A. for lack of personal jurisdiction, we apply Federal Circuit law in reviewing the personal jurisdiction inquiry over Metricolor's patent infringement claim and regional circuit law in reviewing the personal jurisdiction inquiry over Metricolor's non-patent claims because they are not "intimately involved with the substance of the patent laws." *See Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). Both the Federal Circuit and Ninth Circuit review the district court's dismissal for lack of personal jurisdiction *de novo*. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995); *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007).

We agree with the district court that Metricolor failed to meet its burden of showing that the court had personal jurisdiction over L'Oréal S.A. Though Metricolor argues that L'Oréal S.A. had "control" over the negotiations with Metricolor to support general jurisdiction, Appellant's Br. at 35, uncontroverted sworn testimony refutes that allegation. J.A. 136–37 ¶¶ 3–4 (attesting that the subsidiaries of L'Oréal S.A. do not act as L'Oréal S.A.'s "agents" and that

L'Oréal USA, Inc. "operates independently from its parent"). Metricolor also failed to allege any conduct by defendant L'Oréal S.A. that was "purposefully" aimed at the forum state of California such that specific jurisdiction would apply. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014). The only alleged connection between defendant L'Oréal S.A. and the forum state is a conversation between two "L'Oréal Group France" executives and Metricolor, a California resident. But even if initiated by L'Oréal S.A. representatives, that single conversation is insufficient to create specific jurisdiction, because the contact must be aimed at the forum state, not just a resident plaintiff. *See id.* (stating that "the plaintiff cannot be the only link between the defendant and the forum" when determining whether defendant satisfies "minimum contacts" necessary to create specific jurisdiction).

### D. Metricolor's Request for Leave to Conduct Jurisdictional Discovery

We apply the law of the regional circuit when "review[ing] the district court's denial of [jurisdictional] discovery, an issue not unique to patent law." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1021 (Fed. Cir. 2009). Under Ninth Circuit law, we "review a district court's decision to grant or deny discovery on jurisdictional facts for abuse of discretion." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "A district court is vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1092 (9th Cir. 2003) (quoting *Hallett v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002)). "Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed." *Id.*

Metricolor argues that the district court abused its discretion in failing to address Metricolor's request for leave to conduct jurisdictional discovery. Appellant's Br. at 34–37. The district court's silence on Metricolor's request for jurisdictional discovery effectively acted as a denial. To the extent the district court erred in failing to explicitly address Metricolor's request, such error was harmless, because, upon consideration of its arguments, we conclude that Metricolor fails to clearly show that there is a "reasonable probability" that its requested jurisdictional discovery would have yielded facts sufficient to establish personal jurisdiction. *Laub*, 342 F.3d at 1093. Metricolor does not refute sworn testimony that L'Oréal S.A. has "no physical presence in the United States" and does "not conduct business in the United States," J.A. 137 ¶¶ 6–7. In the face of these specific denials, we conclude that Metricolor's alleged claim of personal jurisdiction is too attenuated to justify overturning the district court's denial of discovery. *Pebble Beach*, 453 F.3d at 1160 (holding that a district court "need not permit even limited discovery" where a "plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants"). Because we are unpersuaded that the district court's failure to allow further discovery resulted in "actual and substantial prejudice" to Metricolor, *see Laub*, 342 F.3d at 1093, we affirm the district court's dismissal of L'Oréal S.A. for lack of personal jurisdiction without granting leave to conduct jurisdictional discovery.

We have considered Metricolor's remaining arguments but find them unpersuasive. Accordingly, we vacate the district court's grant of the motion to dismiss for failure to state a claim and remand for the district court to address Metricolor's request for leave to amend the complaint in light of the *Foman* factors in the first instance, and we affirm the district court's dismissal of L'Oréal S.A. for lack of

personal jurisdiction without granting leave for jurisdictional discovery.

**VACATED-AND-REMANDED-IN-PART AND**

**AFFIRMED-IN-PART**

COSTS

No costs.